**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MICHAEL WHITE,<br>　　　Petitioner, | Civil Action No. 1:07-cv-023 |
| | Dlott, J. |
| vs. | Black, M.J. |
| WARDEN, LEBANON<br>CORRECTIONAL FACILITY,<br>　　　Respondent. | **REPORT AND**<br>**RECOMMENDATION** |

Petitioner, a state prisoner, brings this case through counsel seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. The case is now before the Court upon the petition (Doc. 1), respondent's return of writ (Doc. 5), and petitioner's traverse brief. (Doc. 16).

## I. PROCEDURAL HISTORY

This case involves the following facts, as summarized by the First District Ohio Court of Appeals:[1]

> On February 19, 2004, a Cincinnati police officer was on patrol in downtown Cincinnati in plainclothes and an unmarked car. At approximately 11:00 p.m., the officer stopped at a traffic light. Defendant-appellant Michael White walked across the street in front of the officer's car. As the officer's car started to drive away, White pulled out a pistol and shot at the officer. The bullet went through the windshield of the officer's car. The officer got out of the car, saw White with a gun in his hand, and returned fire, hitting White in the foot. White was arrested and charged with attempted murder in violation of R C 2923 02(A), felonious assault on a peace officer in violation of R C 2903 11 (A)(2), and having a weapon while under a disability in violation of R C 2923 13(A)(3). The attempted murder and felonious assault charges were accompanied by gun specifications. White pleaded not guilty. A jury found White guilty of felonious assault on a peace officer with the accompanying gun specifications, and with having a weapon while under a disability, but acquitted him of attempted murder. The trial court sentenced White to sixteen years in prison.

---

[1] The factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).

(Doc. 5, Exh. 5 at 1-2).

## State Court Trial

On October 22, 2004, a Hamilton County, Ohio Common Pleas jury convicted petitioner of felonious assault and accompanying firearm specifications and having weapons while under disability. (Doc. 5, Exh. 2). The jury returned a verdict of not guilty to the charge of attempted murder and specifications. Petitioner was sentenced to serve concurrent terms of nine years for felonious assault and one year on the charge of having weapons while under disability. In addition, petitioner was ordered to serve a total of seven years for the two firearm specifications to be served prior to and consecutive to his sentence for felonious assault. (Doc. 5, Exh. 2).

## Timely Appeal to the First District Court of Appeals

Represented by new counsel, petitioner timely appealed to the First District Court of Appeals and presented one assignment of error:

> The conviction for felonious assault of a police officer was against the manifest weight of the evidence and must be reversed when the testimony at trial was that Defendant-Appellant acted in self-defense and was unaware the victim was a police officer.

(Doc. 5, Exh. 3). The State filed a brief in response. (Doc. 5, Exh. 4). On December 21, 2005, the Court of Appeals affirmed the judgment of the trial court. (Doc. 5, Exh. 5).

## Rule 26(B) Application to Reopen

On March 21, 2006, represented by the Ohio Public Defender's Office, petitioner filed a motion to reopen appeal pursuant to Ohio Appellate Rule 26(B) alleging ineffective assistance of appellate counsel. (Doc. 5, Exh. 6). Petitioner alleged appellate counsel was ineffective for failing to raise the following assignments of error:

2

>1. The evidence was insufficient and the verdict was against the manifest weight of the evidence because Mr. White was not reckless with regards to the victim's status as a peace officer.
>
>2. The trial court erred by instructing the jury that it could find Mr. White guilty of the peace officer enhancement and peace officer firearm specification without finding that Mr. White was reckless with regards to the victim's status as a peace officer.
>
>3. The trial court erred by answering the jury question that it could find Mr. White guilty of the peace officer enhancement.

(Doc. 5, Exh. 6). The State filed a memorandum in opposition. (Doc. 5, Exh. 7). Petitioner filed a reply memorandum. (Doc. 5, Exh. 8). On June 13, 2006, the Ohio Court of Appeals denied the application to reopen the appeal on the basis of res judicata. (Doc. 5, Exh. 9).

Petitioner, through counsel, timely appealed the denial of his Rule 26(B) motion to the Supreme Court of Ohio. (Doc. 5, Exh. 10). In his memorandum in support of jurisdiction, petitioner raised four propositions of law:

>I. The opportunity to file a discretionary appeal in the Supreme Court of Ohio does not create a res judicata bar to a motion to reopen under Appellate Rule 26(B).
>
>II. The application of res judicata to a motion to reopen is unjust when the appellant's argument goes to his guilt or innocence and when his underlying issue is not one of public or great general interest and does not involve a substantial constitutional question.
>
>III. Appellate counsel is ineffective when he fails to argue that recklessness is the required mental state for the peace officer enhancement and specification.
>
>IV. Recklessness is the mental state with regard to the victim's status as a peace officer enhancement and specification.

(Doc. 5, Exh. 10). The Ohio Association of Criminal Defense Lawyers file an amicus brief in support of petitioner. (Doc. 5, Exh. 11). The State filed a memorandum in opposition. (Doc. 5, Exh. 12). On November 1, 2006, the Supreme Court of Ohio dismissed the appeal as not

3

involving any substantial constitutional question. (Doc. 5, Exh. 13).

Petitioner filed a motion for reconsideration in the Supreme Court of Ohio, which was denied by the Court on December 26, 2006. (Doc. 5, Exhs. 14, 16).

### Federal Habeas Corpus

On January 16, 2007, petitioner, through counsel, filed a petition for a writ of habeas corpus in this federal court. (Doc. 1). The petition sets forth two grounds for relief:

> **GROUND ONE:** Petitioner was denied the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States of America, when appellate counsel failed to argue that recklessness is the required mental state for the peace officer enhancement and specification.
>
> **GROUND TWO:** Petitioner's conviction for the peace officer enhancement and the peace officer firearm enhancement violated Petitioner's right to due process as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States of America when the state failed to present the requisite element that Petitioner acted recklessly.

(Doc. 1).

## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). In addition, the decision of the Ohio Court of Appeals is binding on this Court unless it is contrary to clearly established law or was based on an unreasonable determination of the facts of record. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104- 132,

110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> The phrases "contrary to" and "unreasonable application" have independent meanings:
>
> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in ... [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable ... and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

However, if a state court does not articulate the reasoning behind its decision or fails to address the constitutional issues, the federal court must look at the state court's decision and conduct an independent inquiry into whether the state court reached a decision contrary to clearly established federal law or based its decision on an unreasonable determination of the facts in light of the evidence presented. Where the AEDPA standard does not apply because the state court has not issued a decision on the merits, the Court must apply a *de novo* standard of review. *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003); *see also Wiggins v. Smith*, 539 U.S. 510, 534 (2003); *Garner v. Mitchell*, 502 F.3d 394, 400 (6th Cir. 2007).

Since the Ohio Court of Appeals denied petitioner's motion to reopen appeal on the basis

of res judicata without addressing the merits of petitioner's ineffective assistance of appellate counsel claim, and the Ohio Supreme Court dismissed the appeal, there is no court decision to evaluate in light of 28 U.S.C. § 2254 and the Court will conduct its own *de novo* review.

Respondent contends that Grounds One and Two of the petition are procedurally defaulted and waived. In the alternative, respondent asserts Grounds One and Two of the petition are without merit.

In his traverse brief, petitioner states he is proceeding solely on Ground One of the petition. Therefore, the Court finds petitioner has withdrawn Ground Two of the petition.

### III. GROUND ONE OF THE PETITION IS WITHOUT MERIT.

To establish his ineffective assistance of appellate counsel claim, petitioner must demonstrate: (1) his attorney on direct appeal made such serious errors he was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) his attorney's deficient performance prejudiced the defense by undermining the reliability of the appeal result. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984).

Under the first prong of the *Strickland* test, petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *Id.* at 688. Judicial scrutiny of counsel's performance must be highly deferential, and a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight" and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. *Id.* at 689. In determining whether or not counsel's performance was deficient, the Court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

To satisfy the "prejudice" prong of the *Strickland* test, petitioner must show that a "reasonable probability" exists that, but for his counsel's errors, the result of the criminal proceedings would have been different. *Id*. at 694.  A showing by petitioner that the alleged errors had "some conceivable" effect on the outcome of the proceeding is insufficient to meet this standard. *Id*. at 693.  However, by the same token, petitioner need not demonstrate that his counsel's conduct "more likely than not" altered the outcome of the proceeding to establish prejudice.  *See id.*  Petitioner has met his burden if he shows that the decision reached would "reasonably likely have been different absent the errors." *Id*. at 695; *see also Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003); *McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000).

The Court need not examine the question of whether counsel's performance was deficient before addressing the question of whether petitioner was prejudiced by counsel's performance. The Court may dispose of an ineffective assistance of counsel claim by finding that petitioner has made an insufficient showing on either ground. *Id*. at 697.

In this case, the petition asserts that appellate counsel was ineffective in failing to argue that recklessness is the required mental state for the peace officer enhancement and specification. Petitioner asserts that appellate counsel was ineffective because he failed to raise the recklessness issue in three ways.  First, appellate counsel failed to argue that the trial court, in response to the jury's question as to whether a mental state was required, should have answered that recklessness was the required mental state.  According to Petitioner, to the extent recklessness is an element of both the peace officer enhancement and specification, an improper instruction permitted the jury to find petitioner guilty regardless of his mental state and thus deprived petitioner of his Fifth and Sixth Amendment rights to put the State's case to the test

7

before a jury using the reasonable doubt standard.  Second, appellate counsel failed to argue that the evidence was insufficient to convict petitioner.  According to Petitioner, because the State produced no evidence that petitioner was reckless with regard to the victim's status as a police officer, his conviction was based on insufficient evidence and violated due process.  *In re Winship*, 397 U.S. 358 (1970).  Third, appellate counsel failed to argue that trial counsel was ineffective for failing to properly assert, according to Petitioner, that the mental state was recklessness.

However, the undersigned finds that the representation provided by petitioner's appellate counsel in this regard was neither deficient within the meaning of the Sixth Amendment nor prejudicial to petitioner.  Specifically, under the first prong of the *Strickland* test, petitioner has not demonstrated that his appellate counsel's representation fell outside the wide range of reasonable professional assistance.  *See Strickland,* 466 U.S. at 687.  Petitioner's appellate counsel presented one assignment of error on direct appeal, which he reasonably believed had the strongest chance of success.  Appellate counsel does not have a constitutional duty "to raise every 'colorable' claim suggested by a client." *Jones v. Barnes,* 463 U.S. 745, 754 (1983).  The Supreme Court has more recently stated that "[n]otwithstanding *Barnes,* it is still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins,* 528 U.S. 259, 288 (2000).  Quoting from a Seventh Circuit decision, *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir. 1986), the Supreme Court indicated that "[g]enerally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance be overcome." *Smith*, 528 U.S. at 288.  *See also Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002).

Each of petitioner's ineffective assistance of appellate counsel claims is premised on the notion that recklessness is the required mental state for the peace officer enhancement and peace officer firearm specifications underlying the felonious assault charge.  However, on the basis of Ohio law as it existed at the time petitioner filed his appeal, counsel's decision not to raise the issue of recklessness as the mental state was objectively reasonable and did not constitute ineffective assistance of counsel.  Prior to the Ohio Supreme Court's decision in *State v. Lozier*, 101 Ohio St.3d 161, 803 N.E.2d 770 (2004), upon which petitioner relies for his argument (Doc. 16 at 10-13), the law was settled that the enhancement provision of Ohio Rev. Code § 2903.11 required only proof of status as a "peace officer" and not knowledge on the defendant's part that the victim of the assault was in fact a "peace officer."  *See, e.g., State v. McDaniel*, 1998 WL 214606, *8 (Ohio App. 2d Dist. 1998); *State v. Gimenez*, 1997 WL 547950 (Ohio App. 8th Dist. 1997); *State v. Cantrell*, 1989 WL 27178, *4 (Ohio App. 2d Dist. 1989); *State v. McGrady*, 1987 WL 16482, *1 (Ohio App. 1st Dist. 1987); *State v. Williams*, 1987 WL 11975 (Ohio App. 2d Dist. 1987); *see also State v. Carter,* 2003 WL 22187359, *2 (Ohio App. 9th Dist. 2003) (construing assault on a peace officer under R.C. 2903.13(C)(3)); *State v. Koreny*, 2001 WL 370465, *5 (Ohio App. 8th Dist. 2001) (same).

Subsequent to the *Lozier* decision, and prior to petitioner's appellate counsel's filing of his appellate brief, the one court of appeals that addressed the issue of the proper mental state for the peace officer specification ruled that strict liability, and not recklessness, governed the provision in question.  *See State v. Wilcox*, 160 Ohio App.3d 468, 827 N.E.2d 832 (Ohio App. 8th Dist. 2005).  Because there was no legal precedent supporting petitioner's recklessness claim at the time appellate counsel filed his brief, it was not unreasonable for counsel not to argue that

9

recklessness was an element of the offense of felonious assault on a police officer pursuant to *Lozier*.

Nor has petitioner demonstrated that his recklessness argument under *Lozier* was clearly stronger than any of the claims presented by counsel on appeal, *see Smith*, 528 U.S. at 288, or that it was reasonably likely that the result of petitioner's appeal would have been different if the three claims relating to recklessness suggested by petitioner had been raised as assignments of error by his counsel on direct appeal. *Strickland*, 466 U.S. at 695.

Petitioner bases his recklessness argument on the Supreme Court of Ohio's decision in *State v. Lozier*, 101 Ohio St.3d 161, 803 N.E.2d 770 (2004), which involved a conviction for selling drugs "in the vicinity of a school" which enhanced the penalty for drug trafficking from a fifth degree to a fourth degree felony. Ohio Rev. Code § 2925.03.  In *Lozier*, the defendant argued that the trial court incorrectly imposed a strict liability standard to the enhancement instead of the catchall "recklessness" standard that applies when no *mens rea* is specified.  The Supreme Court agreed and held that the culpable mental state of recklessness applied to the offense of trafficking LSD "in the vicinity of a school" under Ohio Rev. Code § 2925.03(C)(5)(b). *Lozier*, 101 Ohio St.3d 161, 803 N.E.2d 770 (syllabus).

Petitioner contends that because of the similarities in the drug trafficking and felonious assault statutes, the reasoning of *Lozier* should apply to the peace officer specifications and enhancement elements involved in this case.  Petitioner contends that both statutes forbid knowingly committing an act (trafficking drugs or causing injury) and provide one "standard" level of felony, with a higher punishment if certain attendant circumstances exist (being near a school or the victim being a peace officer).  Given that statutory structure, the *Lozier* court held

that recklessness is the *mens rea* for the attendant circumstance. *Lozier*, 101 Ohio St. 3d 161, 803 N.E.2d 770. Because the peace officer specification similarly includes an enhanced penalty for the attendant circumstance of the victim being a peace officer, and because the statute neither specifies a *mens rea* nor clearly indicates an intent to impose strict liability, petitioner contends the *mens rea* should be recklessness. (Doc. 16 at 10-14).

Petitioner's analysis of *Lozier* ignores the central reasoning behind the decision. In *Lozier*, the Supreme Court of Ohio analyzed Ohio Rev. Code § 2925.03(C)(5)(b), which provided: "[I]f the offense was committed *in the vicinity of a school or in the vicinity of a juvenile*, trafficking in L.S.D. is a felony of the fourth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender." *Lozier,* 101 Ohio St.3d at 163, 803 N.E.2d at 772 (emphasis added). At issue was the mental state required for the term "in the vicinity of a school." The Supreme Court noted that except for those statutes plainly imposing strict liability, the mental state of the offender is a part of every criminal offense. 101 Ohio St.3d at 163, 803 N.E.2d at 772 (citing Ohio Rev. Code § 2901.21(A)(2)). Where a statutory section "does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described," then the mental state of the offender is not a required element. 101 Ohio St.3d at 163, 803 N.E.2d at 772 (citing Ohio Rev. Code § 2901.21(B)). However, when the statutory section "neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense." *Id.*[2]

---

[2] Section 2901.21(B) states in full: "When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."

11

The Court went on to review its precedents in *State v. Maxwell* and *State v. Wac* to determine whether the statutory structure in the case before it plainly imposed strict liability or was subject to the catchall recklessness standard:

> {¶ 22} In *State v. Maxwell,* 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242, the majority decided that the language of R.C. 2907.321(A)(6) plainly indicated a purpose to impose strict liability. That statute provides:
>
> {¶ 23} "(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:
>
> {¶ 24} "* * *
>
> {¶ 25} "(6) Bring or cause to be brought into this state any obscene material that has a minor as one of its participants or portrayed observers."
>
> {¶ 26} *Maxwell* involved a defendant who had downloaded onto his computer obscene images; although he knew that the images were obscene, he argued that he did not know that he was downloading them from a computer system in another state, thereby importing the images into Ohio.  The majority in *Maxwell* found that, as to importing images, the statute imposed strict liability.  The *Maxwell* majority relied on *State v. Wac* (1981), 68 Ohio St.2d 84, 86, 22 O.O.3d 299, 428 N.E.2d 428, in holding that where the General Assembly indicates a mental state in one part of a statute, and does not indicate any mental state in another part of that statute, that indicates an intent to impose strict liability in that other part. *Maxwell* at ¶ 27-29.
>
> {¶ 27} In *Maxwell,* the court found that the knowledge element of R.C. 2907.321(A) was separated out in order to apply only to "the character of the material or performance involved," noting that "knowledge is a requirement only for the discrete clause within which it resides." Id., 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242, at ¶ 29.  The court held that the knowledge element did not apply to the "[n]o person * * * shall do any of the following" portion of the statute.  Since knowledge was required in one part of the statute and not in the other, the *Maxwell* majority determined that the General Assembly therefore intended to impose strict liability in the subsection of the statute without the knowledge requirement. Id. at ¶ 30.

101 Ohio St.3d at 163-164, 803 N.E.2d at 772 -773.  The *Lozier* Court then went on to examine the structure of the statute in *Wac*:

12

> In *Wac,* this court considered the mental element in R.C. 2915.02(A)(1). That statute provides:
>
> {¶ 29} "(A) No person shall do any of the following:
>
> {¶ 30} "(1) Engage in bookmaking, or knowingly engage in conduct that facilitates bookmaking."
>
> {¶ 31} This court found that the inclusion of the element of "knowingly" for "conduct that facilitates bookmaking" but not in regard to "bookmaking" operated to "'plainly indicate[ ] a purpose to impose strict liability'" on bookmaking per se. *Wac,* 68 Ohio St.2d at 86, 22 O.O.3d 299, 428 N.E.2d 428. The court in *Wac* "recognized that the clause 'or knowingly engage in conduct that facilitates bookmaking' was a discrete clause and that the knowledge required by that clause could not be inserted into the previous clause, 'engage in bookmaking.'" *Maxwell,* 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242, ¶ 28.

101 Ohio St.3d at 164, 803 N.E.2d at 773.

The *Lozier* Court ultimately determined that the structure of the drug statute in its case was more similar to that in *Wac* because that statute contained a pair of discrete clauses separated by the term "or": "[I]f the offense was committed *in the vicinity of a school or in the vicinity of a juvenile*, trafficking in L.S.D. is a felony of the fourth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender." *Id*. (emphasis in the original). The Court recognized that standing alone "in the vicinity of a school or in the vicinity of a juvenile" does not indicate any required degree of mental culpability. As defined in the chapter's definitional section, however, it became clear that "in the vicinity of a juvenile" employed a strict liability term:

> An offense is 'committed in the vicinity of a juvenile' if the offender commits the offense within one hundred feet of a juvenile or within the view of a juvenile, *regardless of whether* the offender knows the age of the juvenile, whether the offender knows the offense is being committed within one hundred feet of or within view of the juvenile, or whether the juvenile actually views the commission of the offense.

13

101 Ohio St.3d at 165, 803 N.E.2d at 773 (quoting Ohio Rev. Code § 2925.01(BB) (emphasis added)).  In contrast, the definition of "in the vicinity of a school" omitted the express strict liability language found in § 2925.01(BB):

> An offense is 'committed in the vicinity of a school' if the offender commits the offense on school premises, in a school building, or within one thousand feet of the boundaries of any school premises.

101 Ohio St.3d at 165, 803 N.E.2d at 774 (quoting Ohio Rev. Code § 2925.01(P)).  The Court applied the reasoning of the *Wac* decision and concluded:

> [I]f one part of a clause explicitly sets forth a mental state, that mental state does not apply to another discrete clause within that subsection.  In fact, it is an indication that the General Assembly is attaching differing mental states as to the two distinct clauses.  As the majority wrote in *Maxwell,* "[t]he decision in *Wac* demonstrates that a crime may have different degrees of mental culpability for different elements." *Maxwell,* 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242, ¶ 30.  We find that the language employed by the General Assembly in the R.C. 2925.01(P) and (BB) definitions establishes differing levels of culpability for offenses committed "in the vicinity of a juvenile" and "in the vicinity of a school," plainly indicating that the General Assembly's purpose was to impose strict liability for acts committed "in the vicinity of a juvenile" but not for acts committed "in the vicinity of a school."

*Lozier*, 101 Ohio St.3d at 165, 803 N.E.2d at 774.[3]

The statute in the instant case before this federal court is more like that in *Maxwell* than those in *Wac* or *Lozier*.  The felonious assault statute set forth in Ohio Rev. Code § 2903.11 provides in pertinent part:

> (A) No person shall knowingly do either of the following:

---

[3] Section 2925.01(P) was subsequently amended by the General Assembly to provide: "An offense is 'committed in the vicinity of a school' if the offender commits the offense on school premises, in a school building, or within one thousand feet of the boundaries of any school premises, regardless of whether the offender knows the offense is being committed on school premises, in a school building, or within one thousand feet of the boundaries of any school premises."

14

> (1) Cause serious physical harm to another or to another's unborn;
>
> (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.
>
> \*\*\*
>
> (D)(1) Whoever violates this section is guilty of felonious assault, a felony of the second degree. If the victim of a violation of division (A) of this section is a peace officer or an investigator of the bureau of criminal identification and investigation, felonious assault is a felony of the first degree. If the victim of the offense is a peace officer or an investigator of the bureau of criminal identification and investigation, and if the victim suffered serious physical harm as a result of the commission of the offense, felonious assault is a felony of the first degree, and the court, pursuant to division (F) of section 2929.13 of the Revised Code, shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree.

Ohio Rev. Code § 2903.11(A), (D)(1).  Unlike the statutes in *Lozier* and *Wac,* the instant statute does not contain a pair of discrete clauses separated by "or", but, like *Maxwell*, contains a mental state in one part of the statute and does not specify any mental state in another part of that statute, indicating an intent by the General Assembly to impose strict liability in that other part. *Lozier*, 101 Ohio St.3d at 164, 803 N.E.2d at 772.  The mental state of "knowing" applies to subsection (A) of the statute.  Since subsection (D)(1) is completely separate and does not indicate a mental state, this evidences an intent on the part of the General Assembly to impose strict liability in subsection (D) without the knowledge requirement. *Lozier*, 101 Ohio St.3d at 164, 803 N.E.2d at 773 (citing *Maxwell* at ¶27-29).  Given the intent to apply strict liability to the peace officer specification in subsection (D) of the statute, the catchall recklessness standard set forth in Section 2901.21(B) would not apply in this case.

Subsequent to *Lozier* and *Wilcox* decisions, another Ohio court of appeals applied a

15

similar rationale to find that strict liability governs the peace officer specification:

> {¶ 11} We agree with the Eighth Appellate District [in *Wilcox*] that the reasoning in *Lozier* does not apply here: "None of the concerns voiced in *Lozier* are present here. * * * [T]here is no indication whatsoever that the General Assembly intended to impose anything other than strict liability for the peace-officer penalty enhancement contained in R.C. 2903.13(C)(3). In contrast to the language of the statute in *Lozier*, the language of R.C. 2935.01 [which defines a 'peace officer'] does not suggest a mental state other than strict liability or conflict with other statutory definitions in a way that would call the relevant mental state in question. Consequently, it does not matter whether [appellant] knew that the people stopping his van were police officers." *Wilcox*, 2005-Ohio-1745 at ¶ 7. We further note that contrary to appellant's assertion, we are not dealing with a pair of discrete clauses with regard to R.C. 2903.13(A) and 2903.13(C)(3). Rather, these statutory provisions are two separate provisions and R.C. 2903.13(C)(3) cannot apply if R.C. 2903.13(A) is not first met.
>
> {¶ 12} Because the state is not required to prove that appellant knew or was aware that his victim was a peace officer, or that appellant was reckless as to the identity of his assault victim as a peace officer, we find that the trial court properly rejected appellant's mistake-of-fact jury instruction and properly instructed the jury regarding assault on a peace officer. That is, the trial court did not abuse its discretion when it failed to instruct the jury that, before the jury could find appellant guilty of assault on a peace officer, the jury must find that appellant knew or was aware that his victim was, in fact, a peace officer, or that appellant was reckless in that matter. . . .

*State v. Watson*, 2007 WL 97592, *3 (Ohio App. 12th Dist. 2007).

The undersigned agrees with the rationales set forth in the *Wilcox* and *Watson* decisions that *Lozier* does not compel a finding that recklessness is the mental state for the peace officer specification or enhancement of the felonious assault offenses in the instant case. Because petitioner's recklessness claim lacks merit, petitioner is unable to show that he was prejudiced by his appellate counsel's failure to raise the issue in his appeal of right. Where an appellate counsel fails to raise an issue on appeal that is without merit, prejudice cannot reasonably be deemed to result from such a failure. *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir.), *cert. denied*,

528 U.S. 946 (1999).  Therefore, petitioner's ineffective assistance of appellate counsel argument is not well-taken and should be denied.

Because the undersigned recommends that Ground One of the petition be denied on the merits, the Court need not reach respondent's alternative argument that Ground One of the petition has been procedurally defaulted and waived.

### IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) should be DENIED with prejudice.

2.  A certificate of appealability should not issue because petitioner has failed to make a substantial showing of the denial of a constitutional right based on the claims raised in the petition.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3.  The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 1/22/2008                                             s/Timothy S. Black
                                                            Timothy S. Black
                                                            United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MICHAEL WHITE,  
    Petitioner,

vs.

WARDEN, LEBANON  
CORRECTIONAL FACILITY,  
    Respondent.

Civil Action No. 1:07-cv-023

Dlott, J.  
Black, M.J.

**NOTICE**

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254.  Any party may object to the Magistrate Judge's Report and Recommendation within **TEN (10) DAYS** of the filing date of this R&R.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s)  Any response by an opposing party to the written objections shall be filed within TEN (10) DAYS after the opposing party has been served with the objections.  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).